```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

METRO RIVERBOAT ASSOCIATES,    *         CIVIL ACTION
INC.

VERSUS                         *         NO: 05-3109

UNITED STATES OF AMERICA, ET   *         SECTION: "D"(1)
AL
```

### ORDER AND REASONS

Before the court is the **"Motion for Protective Order Related to Metro Riverboat Associates, Inc.'s Deposition Notice [of Steven Schott]"** filed by Defendants, Bally's Louisiana, Inc. and Belle of Orleans, L.L.C. Plaintiff, Metro Riverboat Associates, Inc. (Metro)., filed a memorandum objecting to the motion. The motion, set for an expedited hearing on Tuesday, June 6, 2006, is before the court on briefs, without oral argument.

Having considered the memoranda of counsel, the record, and the applicable law, the court finds that Defendants' Motion for a Protective Order should be denied. However, before discussing Defendants' motion, the court finds that some background should be given.

## I.  Background

Metro filed this lawsuit seeking a judicial review of the tax return filed by Belle, L.L.C. for the tax year 2001.  Thereafter, a "Motion for Summary Judgment" was filed by Defendants, Bally's Louisiana, Inc. and Belle of Orleans, L.L.C., who argued that:

    (a)  Metro's Complaint should be dismissed for lack of jurisdiction unless Metro can establish the jurisdictional prerequisites under IRC §6226;[1] and

    (2)  Metro previously compromised any and all claims and actions (including this suit) it may or might have against Bally's and Belle through an Agreement Metro executed on February 23, 2003.

Defendants' Motion for Summary Judgment was set for hearing on May 10, 2006, and Metro filed a memorandum in opposition which incorporated a **"Motion for Rule 56(f) Relief."**  The court then issued the following scheduling order:

    (1)  **by Friday, May 19, 2006**, counsel for Metro was to

---

[1] The court also noted that in its response to the Motion for Summary Judgment filed by Bally's and Belle, the Government agrees that Metro has failed to allege sufficient facts to establish the court's subject matter jurisdiction because: Metro has made no allegation that the IRS issued a **final partnership administrative adjustment (FPAA)** or that this action was filed within 150 days of the issuance of the FPAA, assuming one was issued; and there is no allegation that Metro has made any deposit as required by 26 U.S.C. §6226(e)(1).

> submit to the court in writing the nature and extent of discovery, *in specificity*, it seeks to respond to Defendants' Motion for Summary Judgment;
>
> (2) **by Friday, June 9, 2006**, counsel for Defendants was to respond to Metro's submission regarding discovery, and the court was then to decide whether or not Metro is entitled to Rule 56(f) relief, and *if so*, to what extent;
>
> (3) the court **CONTINUED** the hearing on Metro's **"Motion for Rule 56(f) Relief"** to **Monday, June 12, 2006,** and the court **CONTINUED** the **"Motion for Summary Judgment"** filed by Defendants, Bally's Louisiana, Inc. and Belle of Orleans, L.L.C.**,** from Wednesday, May 10, 2006 to **Wednesday, July 19, 2006**.

(*See* Order and Reasons, Doc. No. 21, dated May 5, 2006).

On May 25, 2006, Metro (untimely) filed its "Submission Under the Court's Order and Reasons of May 5, 2006," and advised the court that since the filing of its 56(f) motion, the parties exchanged Initial Disclosures and the materials produced by the Government (including a **"Notice of Beginning of Administrative Proceeding"**), *in Metro's view*, were sufficient to permit Metro to more fully plead jurisdictional basis for its Complaint. And Metro

contemporaneously filed on May 25, 2006, its Motion of Leave to File a Second Amended Complaint, which is set for hearing before Magistrate Judge Shushan on June 14, 2006.  However, Metro represented that "[n]o further discovery is required to address the settlement preclusion issue."  (Doc. No. 25, p. 2).

In the meantime, Metro apparently issued a Notice of Deposition for Steven Schott to take place on June 29, 2006, prompting Defendants to file the instant Motion for Protective order.

## II.  Defendants' Motion for Protective Order

In their "Motion for Protective Order," Defendants essentially argue that Metro should not be allowed to take the deposition of Stephen Scott, who Defendants identify as "an attorney who previously represented Bally's Louisiana, Inc. in a prior dispute with, and eventual settlement of claims involving Metro." ( *See* Defendants' Supporting Memo. p. 2).  Defendants maintain that "[a]ny discovery of Mr. Schott would involve attorney-client privilege and attorney-work product matters."  *Id*.

In its memorandum objecting to Defendants' Motion for Protective order, Metro argues that it seeks to depose Stephen Scott because:

> He is the person with whom Metro dealt about the Belle Tax return for 2001.  Further, he is the person with whom Metro dealt with respect

4

> to the tax representations associated with the documentation of the sale of Metro's interest in Belle in February, 2003. Schott is the *only* person known to Metro who is able to identify the Bally's personnel who provided or verified the Belle Tax Return information contained in the Tax Representations. Metro believes those persons will be knowledgeable about Belle tax returns, including the 2001 audit, on which Metro's right to judicial review depends.

(Metro's Opp. at 2)(citations and footnote omitted).

The court will allow Metro to depose Mr. Schott to learn the "[identification of] the Bally's personnel who provided or verified the Belle Tax Return information (for tax year 2001) contained in the Tax Representations" and the identification of whoever made the decision not to notify, or failed to notify Metro, of either (a) the commencement of the IRS' audit or examination of the Belle of Orleans, L.L.C. partnership for the tax year 2001; *or* (b) the commencement of any administrative proceeding (including scheduled conferences or other events) related to the IRS' examination or determination of partnership items pertaining to the Belle of Orleans, L.L.C. for the tax year 2001.

However, the court will <u>not</u> allow Metro to depose Mr. Scott regarding his involvement in prior settlement negotiations between Metro and Bally's/Belle, because (among other reasons) Metro has conceded that "[n]o further discovery is required to address the settlement preclusion issue." (Doc. No. 25, p. 2).

Accordingly;

5

**IT IS ORDERED** that Defendants' **"Motion for Protective Order Related to Metro Riverboat Associates, Inc.'s Deposition Notice [of Steven Schott]"** be and is hereby **DENIED** and the court will allow Metro to depose Steven Schott within the parameters set forth above;

**IT IS FURTHER ORDERED** that Metro's **"Motion for Rule 56(f) Relief"** is now ripe for disposition and the court **GRANTS** that motion to the extent that the court will allow Metro to depose Steven Schott within the parameters set forth above;

**IT IS FURTHER ORDERED** that the **"Motion for Summary Judgment"** filed by Defendants, Bally's Louisiana, Inc. and Belle of Orleans, L.L.C., remains set for hearing on **Wednesday, July 19, 2006**. Any supplemental memorandum in support of the "Motion for Summary Judgment" must be filed by Defendants by **Friday, July 7, 2006**, and Metro's opposition must be filed by **Monday, July 17, 2006**. The motion will be decided on the briefs, without oral argument.

New Orleans, Louisiana, this **7th** day of **June, 2006.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE