UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

METRO RIVERBOAT ASSOCIATES,   *         CIVIL ACTION
INC.

VERSUS                         *         NO: 05-3109

UNITED STATES OF AMERICA,      *         SECTION: "D"(1)
INC. AND BELLE OF ORLEANS,
L.L.C.

                           **ORDER AND REASONS**

Before the court are the following motions:

(1) **"Motion to Reconsider the Court's Order and Reasons of September 27, 2006"** and **"Supplement to Motion for Reconsideration to Request, in the Alternative, Certification of September 27, 2006 [Order and Reasons], Under 28 USC 1292"** filed by Plaintiff, Metro Riverboat Associates, Inc. (Metro); and

(2) **"Motion for Entry of Judgment"** filed by Defendants, Bally's Louisiana, Inc. (BLI) and Belle of Orleans, L.L.C. (Belle).

Defendant, the United States of America, filed memoranda in opposition to both motions, and Defendants BLI and Belle filed a

memorandum in opposition to Metro's Motion to Reconsider. The motions, set for hearing on Wednesday, October 25, 2006, are before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that both motions should be denied.

In its "Order and Reasons" of September 27, 2006 (Doc. No. 76), the court concluded that it did not have jurisdiction over Metro's request for judicial review under IRC §6226, because no final partnership administrative adjustment (FPAA) was issued. In footnote 23 of that ruling, the court noted that Treasury Regulation 301.6223(a)-2 provides in part:

> (a) In general. If the Internal Revenue Service, within 45 days after the day on which the notice specified in section 6223(a)(1) is mailed to the tax matters partner, decides not to propose any adjustments to the partnership return as filed, the Internal Revenue Service may withdraw the notice specified in section 6223(a)(1) by mailing a letter to that effect to the tax matters partner within the 45-day period. **Even if the Internal revenue Service does not withdraw the notice specified in section 6223(a)(1), the Internal Revenue Service is not required to issue a notice of final partnership administrative adjustment....**

Treas. Reg. §301.6223(a)-2, cited in "Order and Reasons", Doc. No. 76, p. 29 at fn. 23, emphasis added.

In its **Motion to Reconsider**, Metro points out, and the

2

Government does not dispute, that the regulation effective for Belle's partnership taxable year 2001 was *temporary* Treasury Regulation §301.6223(a)-2T, 26 C.F.R., and not the above quoted Treasury Regulation (§301.6223(a)-2, 26 C.F.R.) noted by the court in its "Order and Reasons" of September 27, 2006.

*Temporary* Treasury Regulation §301.6223(a)-2T, 26 C.F.R., provided:

> (a) In general.  If the Internal Revenue Service, within 45 days after the day on which the notice specified in section 6223(a)(1) is mailed to the tax matters partner, decides not to propose any adjustments to the partnership return as filed, the Internal Revenue Service may withdraw the notice specified in section 6223(a)(1) by mailing a letter to that effect to the tax matters partner within the 45-day period.  If the Service withdraws the notice, neither the Service nor the tax matters partner is required to furnish any notice with respect to that proceeding to any other partner.  Except as provided in paragraph (b) of this section, a notice specified in section 6223(a)(1) which has been withdrawn shall be treated for purposes of subchapter C of chapter 63 of the Code as if that notice had never been mailed to the tax matters partner.

Temporary Treas. Reg. §301.6223(a)-2T.

As explained in Treasury Decision 8965, *temporary* Treas. Reg. §301.6223(a)-2T was *clarified* by enactment of Treas. Reg. §301.6223(a)-2 (effective October 4, 2001) as follows:

> 1. Clarification of § 301.6223(a)-2T

3

> Section 6223 requires the IRS to provide partners with notice of partnership proceedings. Under section 6223, the IRS must notify each partner of the beginning of an administrative proceeding by sending out a notice of the beginning of an administrative proceeding (NBAP). Under § 301.6223(a)-2T, if the IRS has issued an NBAP but decides not to propose any adjustments to the partnership return as filed, the IRS has 45 days to withdraw the NBAP. If the IRS does not withdraw the NBAP, however, it is not required to issue a notice of final partnership administrative adjustment (FPAA). This has led to some confusion among partnerships who postpone raising adjustments that may result in refunds or offsets while they await the outcome of the partnership-level audit. The issue of whether the IRS is required to issue an FPAA after issuance of an NBAP was litigated in Atlantic Richfield Co. v. Dept. of Treasury, 1996 U.S. Dist. LEXIS 19891, (D.D.C. Dec. 31, 1996). In that case, the court held that the IRS is not required to issue an FPAA even if it does not withdraw the NBAP. If the IRS does not issue an FPAA the partners will be unable to request favorable adjustments unless they have filed a timely administrative adjustment request (AAR) seeking a change in the treatment of partnership items. Accordingly, a sentence has been added to § 301.6223(a)-2 to explicitly inform taxpayers that the IRS does not have to issue an FPAA notwithstanding the issuance of (and failure to withdraw) an NBAP.

T.D. 8965, 2001 WL 1163083 *3, 66 FR 50541, October 4, 2001.

In any event, while the court noted Treas. Reg. §301.6223(a)-2 (effective October 4, 2001) in its Order and Reasons of September 27, 2006, the court did not rely on this

4

regulation to conclude that Metro's § 6226 claim had to be dismissed based on IRC §6226's jurisdictional prerequisite that a FPAA be issued.  Thus, the court rejects Metro's argument that the court should reconsider its ruling based on its notation of Treas. Reg. §301.6223(a)-2.

The court also rejects Metro's argument that the court should also reconsider the granting of the Motion for Summary Judgment filed by Defendants BLI and Belle.  Metro contends that in its §6226 claim for judicial review, it is not seeking affirmative relief against either of these Defendants and thus the Settlement and Operating Agreement (executed by the parties on February 23, 2004) should not preclude Metro from naming them as Defendants as required by IRC §6226(c).  However, Metro makes no argument that the court has not already considered and rejected.  Moreover, in addition to dismissing Metro's § 6226 claims against BLI and Belle pursuant to the Settlement and Termination of Operation Agreement, the court also found that it lacked jurisdiction to consider Metro's §6226 claim because no FPAA was ever issued.

Further, the court denies Metro's request that the court "certify its Order and Reasons of September 27, 2006, for immediate appeal under 28 USC 1292, e.g., rejecting the IRC 6226

5

claim for want of jurisdiction, while allowing the adjudication of IRC 6228 claims asserted in the Third Amended Complaint to proceed in this Court." (Metro's supplement, Doc. No. 87-1).

> The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.

*Clark-Dietz & Associates-Engineers, Inc. v. Basic Construction Co.*, 702 F.2d 67, 69 (5th Cir. 1983). Here, those requirements for an immediate appeal under §1292(b) are not present.

Finally, the court finds that the **"Motion for Entry of Judgment"** filed by BLI and Belle should also be denied, because the Fifth Circuit has instructed:

> One of the primary policies requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals. A district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel.

*PYCA Industries, Inc. v. Harrison County Waste Management Dt.*, 81 F.3d 1412, 1421 (5th Cir. 1996) (citation omitted).

6

In this case, the court finds no justification for a Rule 54(b) judgment and, thus declines to make the "express determination that there is no just reason for delay" and the "express direction for the entry of judgment" that BLI and Belle seek at this time.  Fed.R.Civ.Proc. 54(b).

Accordingly;

**IT IS ORDERED** that Metro's **"Motion to Reconsider the Court's Order and Reasons of September 27, 2006"** and its alternative **"Request for Certification Under 28 USC 1292"** be and are hereby **DENIED**;

**IT IS FURTHER ORDERED** that the **"Motion for Entry of Judgment"** filed by BLI and Belle, be and is hereby **DENIED.**

New Orleans, Louisiana, this **25th** day of **October, 2006.**

A.J. McNAMARA
UNITED STATES DISTRICT JUDGE